UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN FITZGERALD PULLINS,
a/k/a GERALD,

    Plaintiff,

v.                                                  CASE NO. 3:12-cv-1000-J-32JBT

TEDDY GARCIA, M.D., P.A., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). (Doc. 2.) For the following reasons, the undersigned will recommend that the Application be **DENIED** and the case be **DISMISSED with prejudice.**

Plaintiff previously filed a similar application and amended complaint in this Court (Case No. 3:12-cv-408-J-32JBT, Docs. 1, 2 & 7) based on allegations and claims nearly identical to the Complaint in the present case (Doc. 1). In that case, the undersigned entered a Report and Recommendation (Case No. 3:12-cv-408-J-32JBT, Doc. 9) recommending dismissal of the case because Plaintiff's amended

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed.R.Civ.P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

complaint fell within the *Rooker-Feldman*[2] doctrine, which prohibits a federal district court from reviewing, reversing, or invalidating a final state court decision. *See Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132 (11th Cir. 2005). That Report and Recommendation was adopted on July 30, 2012, and the case was dismissed without prejudice for lack of subject matter jurisdiction. (Case No. 3:12-cv-408-J-32JBT, Doc. 10.)

In the present case, Plaintiff's Complaint again falls within the *Rooker-Feldman* doctrine because it asks the Court to review and reverse a state court decision. Specifically, Plaintiff asks the Court to "[r]everse Plaintiff's denied Motion for Summary Judgement or demand New Proceedings to be held in Federal Court" and to "[r]everse Defendant [sic] granted Motion for Summary Judgement." (Doc. 1 at 10.) Thus, for the same reasons as stated in the undersigned's previous Report and Recommendation (Case No. 3:12-cv-408-J-32JBT, Doc. 9), this Court lacks subject matter jurisdiction and denial of the Application is recommended. However, this time the undersigned clarifies that dismissal is recommended with prejudice because there is no way for Plaintiff to obtain subject matter jurisdiction in this Court.[3]

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Colombia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] In dismissing the case with prejudice, however, the Court may wish to clarify that Plaintiff is not precluded from suing or pursuing any remedies he may have in any court that may have subject matter jurisdiction, such as a Florida state court, or the United States
(continued...)

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Application (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED with prejudice**.

**DONE AND ENTERED** at Jacksonville, Florida, on September 26, 2012.

*[signature: Joel B. Toomey]*

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Plaintiff

---

[3] (...continued)
Supreme Court. *See* 28 U.S.C. § 1257. It does appear, however, that Plaintiff may have exhausted his state court options and may be time-barred from filing a petition for writ of certiorari with the United States Supreme Court. *See* Case No. 3:12-cv-408-J-32JBT, Doc. 7 ¶ 22; Sup. Ct. R. 13.