**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN FITZGERALD PULLINS
a/k/a/ GERALD,

        Plaintiff,

vs.                                         Case No.  3:12-cv-1000-J-32JBT

TEDDY GARCIA, M.D., P.A., et al.,

        Defendants.
_____

**ORDER**

This case is before the Court on pro se plaintiff's Amended Complaint for Denial of Fair Proceedings and Violation of Civil Rights (Doc. 1) and Affidavit of Indigency and Application to Proceed In Forma Pauperis (Doc. 2).  Upon review of these filings, the assigned United States Magistrate Judge issued a Report and Recommendation on September 26, 2012, recommending that the motion to proceed in forma pauperis be denied and that his complaint be dismissed with prejudice, finding that based on the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction.[1]  (Doc. 7 at 2.)

Plaintiff filed his Response to Report and Recommendation, which the court construes as objections to the Report and Recommendation (Doc. 9), as well as an amended complaint on October 15, 2012 (Doc. 8).  Plaintiff claims that he alleges violations of his "constitutional rights" and "civil rights" under 42 U.S.C. §§ 1981, 1983, 1985, 1986 so as to give this Court jurisdiction.  (Doc. 9 at 2.)  The Court has evaluated the

---

[1] The Magistrate Judge also explained that the Court has previously dismissed a complaint filed by Plaintiff that was "based on allegations and claims nearly identical to the Complaint in the present case." (Doc. 7 at 1 (citing 3:12-cv-408-J-32JBT, Docs. 1, 2 & 7).)

allegations of plaintiff's amended complaint and finds they do not set forth any additional grounds upon which the case could be maintained. Although the amended complaint adds eighteen paragraphs and seven counts, these additions merely restate, albeit in a longer and even more conclusory manner, the same claimed civil rights violations contained in plaintiff's original complaint. (Compare Doc. 1 (entitled "Complaint for Civil Rights Violations and Declaratory Relief and Damages) with Doc. 8 (entitled "Amended Complaint for Civil Rights Violations Under 42 U.S.C. sect. 1983, 1985, 1986, and 1981, and Declaratory Relief and Damages").) In his original complaint, plaintiff did attempt to allege that Defendants violated his constitutional and civil rights. (See Doc. 1 at ¶¶ 1-5, 34-40.) Indeed the factual allegations are identical. Nevertheless, the Magistrate Judge found that the Rooker-Feldman doctrine applied because plaintiff "asks the Court to 'reverse Plaintiff's denied Motion for Summary Judgment or demand New Proceedings to be held in Federal Court' and to 'reverse Defendant [sic] granted Motion for Summary Judgment." (Doc 7 at 2.) The undersigned agrees. To the extent plaintiff "couches his complaint in terms of independent constitutional claims," the Court finds that they are "inextricably intertwined" with the state court judgment in that plaintiff asks this court to effectively nullify the state court judgment or find that the state court wrongly decided the case, or both. See Springer v. Perryman, 401 Fed. App'x 457, 458 (11th Cir. 2010) (affirming the district court's dismissal of a plaintiff's complaint based on the Rooker-Feldman doctrine where the plaintiff attempted to allege a § 1983 claim based on his adverse state court judgment); Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) ("A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." (internal quotation marks and citations

omitted)). As such, the amended complaint fails to cure the jurisdictional deficiencies with plaintiff's original complaint.

Accordingly, upon independent de novo review of the file and for the reasons stated in the Report and Recommendation issued by the Magistrate Judge (Doc. 7), it is hereby

**ORDERED**:

1. Plaintiff's Objections (Doc. 9) are **OVERRULED**.

2. The Report and Recommendation (Doc. 7) of the Magistrate Judge is **ADOPTED** as the opinion of the Court.[2]

3. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

4. This case is dismissed with prejudice. The Clerk shall close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on this 15th day of November, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

---

[2] As recommended by the Magistrate Judge, the Court clarifies that plaintiff is not precluded from suing or pursuing any remedies he may have in any court that may have subject matter jurisdiction, such as a Florida state court, or the United States Supreme Court. See 28 U.S.C. § 1257. It does, however, appear that Plaintiff may have exhausted his state court options and may be time-barred from filing a petition for writ of certiorari with the United States Supreme Court. See Case No. 3:09-cv-408-J-32JBT, Doc. 7 ¶ 22; Sup. Ct. R. 13.

sa.
Copies:

Counsel of Record

Pro Se Plaintiff